IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:07cr23(2) |
| | § | |
| JDONTA RHEMOND WILLIAMS | § | |

**REPORT AND RECOMMENDATIONS REGARDING**
**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

This matter having been referred by the Honorable Marcia A. Crone, on November 7, 2007, the Court held a hearing on the Defendant's Motion to Withdraw Plea of Guilty (Dkt. 92). In his motion, Defendant primarily seeks to withdraw his guilty plea because his attorney failed to consider some of his criminal history in advising him of the potential sentence he could face after pleading guilty.

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

After hearing the evidence presented and the arguments of counsel and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor. First and foremost, Defendant has never made an assertion of innocence in conjunction with the plea withdrawal

1

proceedings. Rather, he seeks to withdraw his plea so that he can essentially take his chances with a jury. Additionally, Defendant has delayed – without substantial explanation – in seeking to withdraw his plea, which was made almost three months prior to his seeking to withdraw it. In this regard, the Court also finds that the government would suffer prejudice if this motion to withdraw were granted. A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources.

More importantly, the Court finds that Defendant's plea was knowingly and voluntarily made. This Court warned Defendant of the consequences of his guilty plea – including the fact that his punishment may be greater than he expected – at the plea hearing. Indeed, the transcript indicates that Defendant stated at the hearing that he read and understood the plea agreement and was voluntarily entering into it.

The gravamen of Defendant's complaint, according to his counsel, is that the pre-sentence report, issued after he pleaded guilty, contained a sentencing recommendation greater than that which he had discussed with his attorney. Defendant argues that his attorney's failure to consider some of his criminal history in advising him as to the potential sentencing ranges he faced resulted in ineffective assistance of counsel. Because of this counsel, Defendant argues, he entered into a plea agreement but was unaware of the potential sentence that came with it.

The transcript from the plea hearing indicates to the contrary. When he gave his plea, Defendant stated that he understood that the district court was not bound by the sentencing guidelines, that no one is able to predict the ultimate sentence of the district court, that the ultimate sentence imposed by the district court may be greater than he expected or any counsel predicted, and

that he would not be allowed to withdraw his plea if the sentence was higher than he expected so long as it was within the statutory maximum.

Here, Defendant's counsel has admitted – by her own statements to the Court – that she did not take into consideration some of Defendant's prior criminal history before advising him as to what she predicted his sentence would be. This criminal history ultimately was considered by U.S. Probation in formulating its pre-sentence report to the Court, in which Defendant was given career offender status. However, a defendant's reliance upon his counsel's erroneous prediction regarding the probable length of sentence does not render a defendant's guilty plea involuntary or unknowing where the defendant was properly advised regarding the maximum length of sentence possible under applicable law. *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993). Here, Defendant concedes that he was warned that he faced a maximum of life in prison, by all involved, including this Court. Defendant was aware of the maximum sentence and voluntarily pleaded guilty. The fact that his counsel made an erroneous prediction as to what the Court would likely impose – in light of his career offender designation – did not make his plea involuntary. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002).

The Court finds that, while it may have been better practice for Defendant's counsel to take into account his criminal history in advising him of his potential sentence, her failure to do so does not invalidate his plea of guilty. Defendant's potential sentence here was not increased as a result of his counsel's advice; rather, it was enhanced by his own behavior. This is not the sort of ineffective assistance of counsel case justifying the withdrawal of a guilty plea. *See, e.g., Glover v. United States*, 531 U.S. 198 (2001).


Because the plea cannot be withdrawn based on the *Carr* factors and because there has been no showing that counsel's actions affected Defendant's potential sentence, Defendant should not be permitted to withdraw his plea of guilty in this case.  His motion to withdraw should be denied.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Motion to Withdraw from Plea of Guilty (Dkt. 92).

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of November, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE